IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:25-cr-037 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| MARTIN EDGARDO MENJIVAR, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter, set for March 26, 2026, at 11:00 AM.

## I.    PROCEDURAL BACKGROUND

Defendant plead guilty to Count 1, Sexual Exploitation of a Child, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e); and Count 2, Possession of Child Pornography, in violation of Tittle 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). Presentence Investigation Report, ECF No. 46, ¶ 1 (hereinafter "PSR"). There was no plea agreement and no additional counts to be dismissed. *Id.* ¶ 3.

There are no outstanding objections to the PSR. The government does not anticipate presenting additional evidence or witnesses at sentencing. The government does anticipate multiple victim impact statements at sentencing, including the family of Minor Victim 1 and Minor Victim 2[1]. PSR ¶ 58-59.

---

[1] The government acknowledges that neither MV2 nor her family are a "crime victim," in this case under Title 18, United States Code, Section 3771(e)(2). However, the finding of sexual abuse of MV2 took place during the timeframe charged in Count 1, is factually similar to the circumstances underlying these federal charges and is relevant to sentencing as "information concerning the background, character, and conduct of a person convicted of an offense" under Title 18, United States

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count 1, Defendant is subject to a mandatory minimum sentence of 15 in prison up to life imprisonment and a maximum sentence of 30 years in prison, 5 years to life of supervised release, a fine of up to $250,000, and a $100 special assessment. PSR ¶¶ 111, 116, 121, 122.

Based on Defendant's plea of guilty to Count 2, Defendant is subject to a maximum sentence of 20 years in prison, 5 years to life of supervised release, a fine of up to $250,000, and a $100 special assessment. PSR ¶¶ 111, 116, 121, 122.

Furthermore, Defendant is subject to $5,000, $17,000, and $50,000 as additional special assessments. PSR ¶ 123.

### B.    Sentencing Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

Count 1: Sexual Exploitation of a Child

| | |
|---|---|
| USSG §2G2.1(a) (base): | 32 |
| USSG §2G2.1(b)(1)(A) (under 12 years old) | +4 |
| USSG §2G2.1(b)(2)(A) (sexual act or contact) | +2 |

---

Code, Section 3661. The Eighth Circuit has specifically affirmed allowing "victims" of other crimes of the defendant to speak at sentencing. *See United States v. Straw*, 616 F.3d 737, 741 (8th Cir. 2010) (finding "Congress has provided that '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence' [and. . .] 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [she or] he may consider, or the source from which it may come.'").

| | |
|---|---|
| USSG §2G2.1(b)(4)(B) (infant/toddler) | +4 |
| USSG §2G2.1(b)(5) (care, custody, control) | +2 |
| <u>Total Offense Level:</u> | <u>42</u> |

Count 2: Possession of Child Pornography

| | |
|---|---|
| USSG §2G2.2(a)(1) (base): | 18 |
| USSG §2G2.2(b)(2) (under 12 years old) | +2 |
| USSG §2G2.2(b)(4)(B) (infant/toddler) | +4 |
| USSG §2G2.2(b)(5) (pattern of activity) | +5 |
| USSG §2G2.2(b)(6) (computer) | +2 |
| USSG §2G2.2(b)(7)(B) (150 - < 300 images) | +3 |
| <u>Total Offense Level:</u> | <u>34</u> |
| USSG §3D1.4 (1.5 units) | +1 |
| Combined Adjusted Offense Level: | 43 |
| <u>USSG §4B1.5(b)(1) (repeat danger sex offender)</u> | <u>48</u> |
| Criminal History Category | I |
| Guideline Sentencing Range: | 600 months |

## III.  <u>SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION</u>

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;

C. to protect the public from further crimes of the defendant; and

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the guideline sentencing range;

5. any pertinent policy statement;

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

As part of the instant offense, Defendant was entrusted by members of his community, to pick up multiple children, as young as five years old, from the Hoover Elementary School and drive those children to his wife's home for after school babysitting. PSR ¶ 8, 58. Defendant took this opportunity, alone with a young child, to touch her genitals, and recording that sexual contact, therefore producing and possessing child pornography. PSR ¶¶ 8-10, 18.

Law enforcement searched Defendant's cellular phones and Gmail accounts, which revealed that Defendant possessed dozens of child pornography images and multiple videos. PSR ¶ 18. Some of these images included depictions of toddlers' gentiles, a child being vaginally raped, and multiple images and videos of Defendant having sexual contact with one of the minors he was entrusted to bring to after school babysitting. PSR ¶ 18. Additionally, Defendant, who used to work as a school photographer in Honduras, had hundred of images that focused on the clothed pubic regions of children, all the way from toddler-aged to teenagers from school photo sessions. PSR ¶ 20. Currently Defendant has pending charges for Sexual Abuse, Second Degree, in Johnson County. PSR ¶ 64.

Defendant's conduct shows a pattern of Defendant seeking out opportunities to be around children in order to photograph or film them in a sexual way. PSR ¶ 8, 20. The parents of MV1 and MV2 entrusted Defendant to care for their young children. PSR ¶ 8, 58. Instead, Defendant broke that trust and used his position of power to violate MV1 and record that abuse. PSR ¶ 9-10, 18.

Defendant's horrific actions of creating and collecting child pornography show a violence against young, vulnerable children and a sever danger to the community. The government believes a Guideline sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Kaitlyn Macaulay*
Kaitlyn R. Macaulay
Assistant United States Attorney
United States Courthouse
131 East Fourth Street, Suite 310
Davenport, Iowa 52801
Tel:  (563) 449-5432
Fax: (563) 449-5433
Email:  kaitlyn.macaulay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

  X   ECF/Electronic filing

UNITED STATES ATTORNEY

By:  */s/ Kaitlyn Macaulay*
    Assistant U.S. Attorney

5